UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES REINSURANCE
(UK)PLC,

    Plaintiff,

CASE NO. 10-CV-21138-JORDAN

vs.

OFELIA DIAZ, and
ALFONSO GONZALEZ,

    Defendants.
    _____/

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING SUMMARY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, by and through its undersigned attorneys, and pursuant to Rule 59 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida, files this its Reply in support of Plaintiff's Motion for Reconsideration of this Court's Order of August 8, 2011 denying summary judgment, and further thereto would respectfully state as follows:

Acutely aware of his responsibility to be respectful toward this Court, and aware also that zealous advocacy must never descent into shrill repetition of or insistence upon a legal position that has been properly analyzed and rejected, the undersigned counsel for Plaintiff nevertheless remains insistent upon demonstrating (and also making a record) that there exists neither a factual nor a legal basis for this Court's Order of August 8, 2011 denying summary judgment. Indeed, it is precisely because of the esteem in which he holds this Court that the undersigned counsel finds so disturbing a pattern of rulings in which this Court seems to have itself assumed the stance of a zealous advocate, ignoring familiar admonitions that the court's role must not be to "scour the record in search of

evidence that would defeat a motion for summary judgment." *Great Lakes Re v.* Soveral, 2007 A.M.C 672, at 673-74. (S.D. Fla. 2007). It is precisely because of the esteem in which he holds this Court that the undersigned counsel finds so disturbing rulings which seem to show a willingness first to misstate the factual record supporting summary judgment, and now in the August 8th Order, what is frankly an equally disturbing willingness to rely upon and to cite to manifestly inapposite cases in order to lend support to a completely unjustified yet tenaciously persistent effort to compel Plaintiff to undergo an utterly unnecessary trial. It is precisely because better, far better, is expected of this Court that Plaintiff is unwilling to passively countenance the undeniable fact that the August 8th Order makes the unacceptable error of asserting not once, but twice, a legal definition of what constitutes a material omission which does not exist in the 11th Circuit.

In asserting that "[i]n the *uberimmae fidei* context, materiality depends on whether a reasonable insured would know that the misrepresentation is material," and then that "[a]s I already noted, the test is whether a reasonable insured would find the omissions material, not whether *the insurer* would find it material," this Court has asserted a standard that Plaintiff need not, and for summary judgment purposes at least, cannot satisfy. In a manner which is so very disturbing precisely because it is also so utterly contradictory, and precisely because it is also so utterly transparent, this Court has refused to award a summary judgment because it contends that Plaintiff's argument "flouts Eleventh Circuit precedent in *Kilpatrick Marine Piling v. Fireman's Fund Insurance.*" But this Court then conveniently and without justification ignores the authority of that very same case, in reaching out for authorities beyond the 11th Circuit as support for the proposition

cited, *supra*, regarding the absolutely fundamental and absolutely critical issue of the definition for "materiality." It is that very same case of *Kilpatrick Marine Piling v. Fireman's Fund Insurance*, 795 F.2d 940 (11th Cir. 1986) which is, along with *HIH Marine Serv. v. Fraser*, 211 F.3d 1359, 2000 A.M.C. 1817 (11th Cir. 2000), the binding authority in the 11th Circuit for the standard which this Court erroneously rejects and which Plaintiff insists must be applied to the undisputed facts in this case. The only correct legal standard for "materiality" is "that which could possibly influence the mind of a prudent and intelligent insurer." Materiality as defined in the 11th Circuit has absolutely nothing to do with what a reasonable insured might have thought. Contrary to the clearly erroneous statement made by this Court in its August 8, 2011 Order, the test is whether the calculations of a reasonable insurer could possibly have been influenced by the omissions, not whether *the insured* would find the omissions material.

So, stated with all due respect but without hesitation, it is clearly not the Plaintiff, but this Court which at this point is rather boldly and openly flouting 11th Circuit precedent, and it is simply unacceptable to Plaintiff that this Court should continue to do so.

In this regard, surely it cannot have escaped the Court's notice that the Defendants' Motion to Strike, etc. [DE 115] makes absolutely no attempt to argue that Plaintiff is wrong on this determinative aspect of the case. Nowhere does Defendants' pleading assert that Plaintiff has presented this Court with a defective or a deficient legal argument with regard to the proper definition of "materiality" in the 11th Circuit. The Defendants have ***never*** argued that materiality is to be defined by reference to whether a reasonable insured might have found the omissions material. Rather, Defendants have sought to impress this Court with what they believe is the rank injustice of permitting a marine insurer to void a policy because of an omission which could possibly have

influenced the mind of a prudent and intelligent underwriter in calculating what premium to set for the risk.

Defendants' entire position is rendered unsustainable by the undisputed facts in the record, and by their utter and absolute failure to even attempt to contradict those facts in the manner provided for under the Federal Rules and the Local Rules. All opposing counsel can do at the present time is make rote references to familiar cases and principles governing the circumstances under which a motion for reconsideration is proper. "Highly unusual circumstances." "No second bite at the apple." A movant must provide "a reason why the court should reconsider its prior decision." Indeed, all of these assertions are correct, and the record plainly shows that highly unusual circumstances are present here as this Court initially declined, wrongfully, to even review and consider Plaintiff's demand for relief on the basis of non-disclosure of material facts. Plaintiff's motion for reconsideration is no "second bite" at any apple, but rather is a reasoned effort to demonstrate (and make a record) that when Plaintiff's filing of a Writ of Mandamus to the 11th Circuit finally caused this Court to relent and issue the ruling which it had previously abjured, that August 8th ruling denying summary judgment was based on legal error so profound and so flagrant as to require remediation.

Will this Court now concede that it, too, can cite to no 11th Circuit authority as support for what Plaintiff in its motion for reconsideration of the August 8th Order asserts is clear legal error in stating that "[i]n the *uberimmae fidei* context, materiality depends on whether a reasonable insured

would know that the misrepresentation is material?" Will the Court now concede honorably that this is not the proper legal definition of materiality in the 11th Circuit?

Moreover, case after case, from district and circuits courts all around this nation confirm that a long established and enduring aspect of the federal maritime law doctrine of *uberimmae fidei* is that a misrepresentation or non-disclosure is material if it impacts the underwriter's calculation as to the premium to be charged. To dismiss Judge Gold's ruling in the *Giroire* case as being the sole authority for that unchallengable proposition is to ignore the many cases cited in Plaintiff's motion for reconsideration, *see, Commercial Union Ins. Co. v. Pesante*, 459 F.3d 34, 2006 A.M.C. 2113 (1st Cir. 2006); *American Home Assur. v. Masters*, 423 F.Supp.2d 193, 2007 A.M.C. 1888 (S.D.N.Y. 2007).

The case of *Great Lakes Re v. Roca*, 2009 WL 200252 (S.D. Fla. 2009), surprisingly cited by Defendants as if its holding or its outcome could possibly be of any solace to their position, most assuredly bears scrutiny here. In *Roca*, summary judgment was denied by the United States Magistrate Judge for what the undersigned counsel for Great Lakes Re contended was a misunderstanding of a written internal underwriting guideline at Osprey Special Risks which required the underwriter to afford a 10% premium discount to any prospective insured whose application showed a 10 year history of vessel ownership and a history free of losses for that same period. Denying a motion for reconsideration, the United States Magistrate Judge went even further and issued a ruling which stated that at time of trial, it would be the burden of Great Lakes Re to do more than establish that the non-disclosure as to loss history (which was stipulated to) affected Mr. Usher's calculation as to premium. The United States Magistrate Judge actually issued a ruling

which informed Great Lakes Re that at trial it would be its burden to establish the materiality of the non-disclosure by proving that no policy would have been issued at all.

In vain, the undersigned counsel for Plaintiff almost literally begged the Chief Judge of the Southern District of Florida to refrain from sanctioning the magistrate's flagrant and uncalled for departure from the established principles of *uberimmae fidei*, citing to those same authorities which have been cited to this Court. Just as in the instant matter, Plaintiff made it plain that it was not asserting that the non-disclosure of a prior theft was of such a nature as to have caused a policy to have been issued which otherwise would not have been issued. Just as in the instant matter, Plaintiff made it plain that all it was contending, all it was showing for purposes of summary judgment and all it could or would be able to show at any trial was that the non-disclosure impacted the premium and that this met the definition of materiality prevailing then and prevailing now in the 11th Circuit, *i.e.*, something "which could possibly influence the mind of a prudent and intelligent insurer" in calculating whether to accept the risk at all, or calculating the premium to be charged.

Just as in the instant matter, these pleas for the proper application of the principles of *uberimmae fidei* fell upon deaf ears. Plaintiff did not avail itself of its right to seek a writ or an interlocutory appeal to the 11th Circuit at any point in the *Roca* case, deciding instead to grin and bear the manifest error of the magistrate and the judge and to proceed to a bench trial. That bench trial ended in Judgment for Great Lakes Re, of course, and in a ruling which he read aloud from the bench, the Chief Judge of the Southern District of Florida on March 5, 2009 reluctantly but

unequivocally conceded that a misrepresentation or non-disclosure is material if the evidence shows that it impacted the underwriter's calculation as to premium alone:

> The determination of the remaining Count II by the plaintiff I think depends on the credibility finding by this Court on Mr. Usher's credibility. Despite all the pleadings back and forth on the law at this stage there's no question that the law that governs is whether the misrepresentation is material to the risk and whether the misrepresentation could possibly influence the decision of a prudent and intelligent insurer in determining whether to accept the risk, that logically follows that, accepting the risk at a particular premium.
>
> ******
>
> Despite what I consider among other things an objectionable tone of counsel's repeated remarks in the trial brief, the objections to the Report and Recommendations, the motions for reconsideration, and the motion for modification, I think it is logical to conclude that the decision whether to undertake a specific risk is obviously linked to the premium to be charged. It is logical to conclude that an insurer would insure a $200,000 vessel even under the circumstances of a prior loss if the premium were high enough.

Will this Court still adhere so obdurately to the what Plaintiff asserts is the legally unsupportable position suggested at fn 2 on Page 4 of its Order of August 8, 2011 that there exists no binding authority for voiding a policy of marine insurance where a non-disclosure or misrepresentation of a material fact is shown to have been something which could possibly influence the mind of a prudent and intelligent insurer" as regards the premium alone? Just as Defendants have ***never*** argued with Plaintiff's position concerning the how "materiality" must be defined, so the Defendants have ***never*** attempted to argue to this Court that the holding in the *Giroire* case and the numerous other cases from around the nation cited as holding that a misrepresentation or non-disclosure is material if shown to impact the calculation of premium are not legally binding on this Court.

One of the reasons that the undersigned almost literally begged Judge Moreno to reject the magistrate's holding that an omission van be defined as "material" only if it would have caused the insurer to have issued no policy at all was the simple fact that, just as in the instant matter, that claim had never been made by Great Lakes Re and Great Lakes Re would not and could not prove such a claim at any trial. Just as in the instant case, Plaintiff's claim was simply that the insured's omission impacted the calculation as to premium only, and just as in the instant case Plaintiff insisted that any trial following the district court's refusal to concede that impact upon premium alone would support a Judgment for the insurer was utterly unnecessary, indeed any such trial could be a show trial only. As noted above, *Roca* went to trial only because the court believed that documents in evidence showed that a factual issue remained in dispute regarding whether the insured's failure to disclose a prior theft actually resulted in a lower premium being charged. No such factual dispute exists in the case now at the bar of this Court, and notwithstanding Judge Moreno's comments regarding what the undersigned will only concede were strongly phrased arguments in response to repeated refusals to acknowledge legal error, nonetheless the Chief Judge of the Southern District of Florida read a Judgment from the bench which expressly recognized that *uberimmae fidei* comprehends an insured's misrepresentation or non-disclosure where this impacts the insurer's calculation as to what premium to charge.

As noted, Plaintiff did not avail itself of its right to seek a writ or an interlocutory appeal to the 11th Circuit at any point in the *Roca* case. However, the certain result of such an appeal is made readily apparent by consideration of the case of *Lloyd's of London v. Pagan-Sanchez*, 539 F.3d 19,

2008 A.M.C. 1990 (1st Cir. 2008), where the district court refused to award the marine insurer a summary judgment in a case involving a breach of an express warranty in the policy. Summary judgment was denied because the warranty regarding properly installed and maintained fire-fighting equipment had absolutely nothing to do with the causes of the vessel's sinking, and the district court refused to concede that in the 1st Circuit the issue of the impact upon coverage of an insured's breach of an express warranty would be resolved by reference to the federal admiralty law rule of "strict or literal compliance" rather than to the law of Puerto Rico. Conceding that it had jurisdiction over the district court's denial of summary judgment based on 28 U.S.C. ¶ 1292(a)(3) involving appeals in admiralty cases of orders determining the rights and liabilities of the parties, the appellate court reversed the denial of summary judgment because the district court had based its denial of summary judgment on an incorrect and improper legal standard for determining the effect of a breach of warranty in a policy of marine insurance.

It is respectfully submitted that in its August 8th Order, this Court has made the exact same error as did the District of Puerto Rico in the *Pagan-Sanchez* case, albeit with regard to a different issue of marine insurance law. Where the court in San Juan erroneously sought to rely upon a Puerto Rico statute to require that the marine insurer establish a causal connection between a breach and a loss, and wrongly denied summary judgment because no such causal link could be shown, this Court in Miami has erroneously sought to rely upon a definition of materiality which is premised upon whether a reasonable insured would know that the misrepresentation is material, and has thus far adamantly denied summary judgment because it believes that some issue of fact in that regard still remains open to dispute and for determination via a bench trial. When the correct legal standard was applied to the issue of the impact of a breach of an express warranty, summary judgment in favor of

the marine insurer was the proper relief. Were this Court to finally relent and concede that the correct legal standard that it must apply is not whether a reasonable insured would or should have known that the events of 2006 were material, but whether those events of 2006 were something "which could possibly influence the mind of a prudent and intelligent insurer" in setting the succeeding years' premiums, then reconsideration of the August 8, 2011 Order and entry of summary judgment in favor of Plaintiff must surely be acknowledged as the proper relief.

There are no material facts remaining in dispute, and reference by this Court to the correct definition of "materiality" is all that is required. Mr. Usher's affidavit does not consist of the "conclusory statements" which it is conceded are inadequate to support summary judgment because the affiant's reasoning is left unexplained. As noted in Plaintiff's Motion for Reconsideration, Mr. Usher carefully and exhaustively describes for the Court how and why he as a prudent and intelligent marine underwriter must give consideration to the theft of the trailer which was itself insured by the 2006-07 policy, and why he must as a prudent and intelligent marine underwriter must give consideration to the vandalizing of the vessel which occurred on May 5, 2007. Mr. Usher has never asserted that he would not have agreed to issue the subsequent policies, but he has emphatically asserted that as a prudent and intelligent marine underwriter he would have been compelled, been duty-bound, to have demanded the higher premiums reflective of the increased risks associated with the Defendants' history. These facts are undisputed, as the Defendants have failed to take the steps which might have accomplished their task of showing some remaining dispute. There is no paid expert whose sworn affidavit might have contended that back when he was in charge of XXX

Insurance Co., Ltd., he as a prudent and intelligent underwriter never was influenced by, and never demanded, information regarding thefts or vandalizing of the insured property under the circumstances extant in the case at bar. There is no evidence to even suggest that another prudent and intelligent marine underwriter would not have been influenced precisely as Mr. Usher swears he would have been. There is nothing for trial, and there is nothing preventing summary judgment aside from this Court's insistence upon a legal definition and a standard for which there is no authority.

WHEREFORE, Plaintiff prays that the Court will enter its Order awarding summary judgment, along with all such other and further relief as the Court may deem proper in the premises.

Dated:   August 15, 2011
         Fort Lauderdale, Florida

> GOLDMAN & HELLMAN
> Attorneys for Plaintiff
> 800 S.E. 3rd Avenue
> 4th Floor
> Fort Lauderdale, Florida 33316
> Tel (954) 356-0460
> Fax (954) 832-0878
>
> By:   /s/ Steven E. Goldman
>       STEVEN E. GOLDMAN, ESQ.
>       FLA. BAR NO. 345210

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to each of the following:

Karel Remudo, Esq.
334 Minorca Avenue
Coral Gables, FL 33146

John Arrastia, Jr., Esq.
Arrastia & Capote, LLP
80 S.W. 8th Street
Suite 2310
Miami, FL 33130

GOLDMAN & HELLMAN
Attorneys for Plaintiff
800 S.E. 3rd Avenue
4th Floor
Fort Lauderdale, Florida 33316
Tel (954) 356-0460
Fax (954) 832-0878


By:  /s/ Steven E. Goldman
       STEVEN E. GOLDMAN, ESQ.
       FLA. BAR NO. 345210

13